

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CARLOS A. ANTONETTI,

                               Plaintiff,

                              -against-

THE CITY OF NEW YORK, WOODHULL
MEDICAL AND MENTAL HEALTH CENTER
(HHC), and DAVOL, a Bard Company,

                               Defendants.
-------------------------------------------------------------------X

**ORDER**

**13-CV-771 (NGG) (LB)**

NICHOLAS G. GARAUFIS, United States District Judge.

On February 8, 2013, Plaintiff Carlos A. Antonetti ("Plaintiff" or "Antonetti") initiated this pro se action against Defendant New York City Health and Hospitals Corporation ("HHC"),[1] alleging claims for medical malpractice and negligence.[2] (Compl. (Dkt. 1).) On November 8, 2013, in accordance with the briefing schedule established by this court, HHC filed a motion to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). (Mot. to Dismiss (Dkt. 42).) Plaintiff did not oppose the motion, despite being afforded several extensions of time to do so. (See Sept. 30, 3013, Order (Dkt. 41); Apr. 25, 2014, Order (Dkt. 52).) On April 14, 2014, the court referred HHC's motion to Magistrate Judge Lois Bloom for a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1). (Dkt. 50.)

---

[1] HHC is improperly identified in the Complaint as the "Woodhull Medical and Mental Health Center (HHC)." For the reasons set forth in Judge Bloom's R&R, the court construes the pro se Complaint as naming the proper Defendant for purposes of this suit. (See R&R at 1 n.1.)

[2] Plaintiff also brought suit against Defendants Davol and the City of New York, but has since voluntarily dismissed his claims against those Defendants. (See Stip. & Order of Voluntary Dismissal as to City of New York (Dkt. 26); Stip. & Order of Voluntary Dismissal as to Davol, a Bard Co. (Dkt. 58).)

1

On July 28, 2014, Judge Bloom issued an R&R recommending that the court grant HHC's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. (See R&R (Dkt. 59).) Judge Bloom concluded that the Complaint, even when construed liberally in recognition of Plaintiff's pro se status, does not plead a cause of action arising under federal law or a right to relief that necessarily depends on resolution of a substantial question of federal law. (See id. at 4-9.) Nor has Plaintiff, according to Judge Bloom, pleaded facts that would support a finding of diversity jurisdiction under 28 U.S.C. § 1332. (See id. at 9.)

No party has objected to Judge Bloom's R&R, and the time to do so has passed. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Therefore, the court reviews the R&R for clear error. See Gesualdi v. Mack Excavation & Trailer Serv., Inc., No. 09-CV-2502 (KAM) (JO), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010); La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000).

Finding no clear error, the court ADOPTS the R&R in its entirety and therefore DISMISSES Plaintiff's claims against HHC. See Porter v. Potter, 219 F. App'x 112 (2d Cir. 2007). The court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated: Brooklyn, New York
August 19, 2014

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

2