UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------
CARLOS ANTONETTI,

                              Plaintiff,              **REPORT & RECOMMENDATION**
                                                                             13-CV-771 (NGG)(LB)

   -against-

CITY OF NEW YORK; WOODHULL MEDICAL
AND MENTAL HEALTH CENTER (HHC); and
DAVOL, a Bard Company,

                              Defendants.
------------------------------------------------------------------

**BLOOM, United States Magistrate Judge**:

    *Pro se* plaintiff brought this action alleging claims for medical malpractice and negligence against New York City Health and Hospitals Corporation ("HHC").[1] On August 19, 2014, the Court granted defendant HHC's motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and closed the case. ECF No. 60. Plaintiff now files a letter requesting that his case be re-opened. ECF No. 63. The Court construes the letter as a motion for reconsideration. The Honorable Nicholas G. Garaufis referred plaintiff's motion to me for a Report and Recommendation in accordance with 28 U.S.C. § 636(b). For the reasons set forth herein, it is respectfully recommended that plaintiff's motion should be denied.

---

[1] While HHC has the capacity to be sued pursuant to statute, see N.Y. Unconsol. Law§ 7385(1), "no [similar statute] exists for individual facilities owned and operated by HCC, and Woodhull is therefore not subject to suit." Josma v. New York City Health & Hospitals Corp., 10-CV-3610 (ARR)(CLP), 2012 WL 3861171, at *10 (E.D.N.Y. Sept. 5, 2012).

1

**BACKGROUND**

On February 8, 2013, plaintiff filed this action asserting, among other claims, medical malpractice and negligence against the City of New York, Woodhull Medical and Mental Health Center HHC ("HHC"), and Davol, a Bard Company ("Davol") for the care he received for an inguinal hernia between February 2008 and mid-2012. ECF No. 1, Complaint ("Compl."). Plaintiff's claims concerned surgeries performed by Dr. Efran Quinto on March 26, 2008 and January 11, 2011 and a product liability claim against Davol, the manufacturer of the allegedly defective mesh implant that was inserted to repair the hernia in 2008 and then removed during the 2011 surgery.

Plaintiff voluntarily dismissed his claims against the City of New York by stipulation dated April 29, 2013, ECF Nos. 23, 26, and reached a settlement agreement resolving his claims against defendant Davol, see ECF. Nos. 57–58. The remaining defendant, HHC, moved to dismiss plaintiff's complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). ECF No. 42. Judge Garaufis referred the motion to me and I recommended that defendant's motion should be granted. ECF No. 59. On August 19, 2014, Judge Garaufis adopted the unopposed Report and Recommendation in its entirety and directed the Clerk of Court to enter judgment and close this case. Plaintiff now moves to re-open his case. ECF No. 63.

**DISCUSSION**

I construe *pro se* plaintiff's request to re-open his case as a motion for reconsideration under Rule 60 of the Federal Rules of Civil Procedure. Rule 60(b) allows the Court to relieve a party from a final judgment in certain circumstances, including "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . ., misrepresentation,

or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).[2] "Since 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986); see also Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (Rule 60(b) is "a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances.") (citation and quotation marks omitted). A Rule 60(b) motion is properly denied where it seeks only to relitigate issues already decided." Djenasevic v. New York, No. 17-CV-6366, 2019 WL 2330854, at *2 (E.D.N.Y. May 30, 2019) (quoting Maldonado v. Local 803 I.B. of Tr. Health & Welfare Fund, 490 F. App'x 405, 406 (2d Cir. 2013)) (internal quotation marks omitted).

Here, plaintiff seeks to re-open his case to reassert his malpractice and negligence claims against defendant HHC based on information he obtained during a new hernia surgery he underwent on July 28, 2020. Specifically, he alleges, that he should be permitted to litigate his malpractice claim against HHC (or as plaintiff writes in his letter "Woodhull Hospital and Dr. Quinto") because he recently learned that the mesh implant was not completely removed during his January 12, 2011 surgery at Woodhull. ECF No. 63-1.

The new facts presented in plaintiff's letter do not provide a basis to reopen this case. The Court did not have subject matter jurisdiction over plaintiff's malpractice and negligence claims

---

[2] Federal Rule of Civil Procedure 59 also provides a basis to seek reconsideration. However, under Rule 59, a party must move to alter or amend a judgment no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). Plaintiff filed this motion over six years after his case was closed. Therefore, Rule 59 is inapposite.

against HHC when the motion to dismiss was granted in 2014 and it does not have subject matter jurisdiction over those claims now.[3] Malpractice and negligence are tort claims, generally governed by state law.[4] Plaintiff's claim that he recently learned that the mesh implant was not completely removed does not alter the Court's judgment that it is without subject matter jurisdiction over his negligence and malpractice claims.[5]

## CONCLUSION

Accordingly, it is respectfully recommended that plaintiff's motion for reconsideration should be denied. Plaintiff's complaint was dismissed and this case was closed in 2014; it should remain closed. The Clerk of Court is directed to mail a copy of this Report and Recommendation and my July 28, 2014 Report and Recommendation, ECF No. 59, to plaintiff.

## FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen days from service of this Report to file written objections. See Fed. R. Civ. P. 6. Such objections shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist.

---

[3] A more detailed discussion of federal question jurisdiction can be found on pages 8–9 of my July 28, 2014 Report and Recommendation. ECF No. 59.

[4] The Court offers no opinion on whether plaintiff could pursue his malpractice and negligence claims in state court.

[5] To the extent that plaintiff seeks to reassert a federal claim pursuant to 38 U.S.C. § 7316, he is reminded that rather than creating a federal cause of action, 38 U.S.C. § 7316 prevents plaintiffs from bringing causes of action against personnel of the Department of Veterans Affairs in their individual capacities. July 28, 2014 Report and Recommendation, ECF No. 59 at 5–6.

Physicians' Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: July 22, 2021
        Brooklyn, New York